[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-16438
Non-Argument Calendar

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 29, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-02422-CV-T-17-TGW

MICHAEL BENJAMIN,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 29, 2005)

Before BLACK, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Michael Benjamin, a Florida prisoner who is serving a 15-year sentence for aggravated assault, fleeing and eluding an officer, and driving without a valid driver's license, appeals <u>pro se</u> the district court's dismissal without prejudice of his <u>pro se</u> petition for habeas corpus relief, filed pursuant to 28 U.S.C. § 2254. Because Benjamin filed his § 2254 petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), its provisions govern this appeal. Benjamin argues on appeal that the district court erred in concluding that he failed to comply with the pleading requirements in Rule 2(c) of the Rules Governing Section 2254 Petitions. Alternatively, Benjamin contends that the court abused its discretion by dismissing his § 2254 petition, instead of granting him the opportunity to amend it. For the reasons set forth more fully below, we vacate and remand for further consideration in light of this opinion.

On November 2, 2004, Benjamin filed by placing in the prison mail system the instant <u>pro se</u> § 2254 petition, which was completed on a standard pre-printed form. This form instructed him to (1) "concisely" state every ground on which he was claiming to be held unlawfully, and (2) "briefly" summarize the facts supporting each of these grounds. In discussing this first requirement, this form cautioned Benjamin as follows:

2

> As to all grounds on which you have previously exhausted state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

This form also instructed Benjamin to include the following dates: (1) when he was convicted (February 1, 2001); (2) when his direct appeal of this conviction was decided (March 26, 2002); and (3) when his motion to vacate, set aside, or correct sentence, filed pursuant to Florida Rule 3.850, was denied (May 9, 2003).[1] It, however, did not direct Benjamin to include the date on which his appeal of the state court's denial of his Rule 3.850 motion was decided.

Benjamin argued in his § 2254 petition that (1) the government introduced insufficient evidence to support his conviction for aggravated assault, and (2) his trial counsel provided ineffective assistance of counsel. In support of his claim of insufficient evidence, Benjamin attached nine additional pages of facts, which included (1) a summary of the trial testimony of two law enforcement officers who participated in his arrest, (2) the introduction of Benjamin's driver's license, (3) the fact that the court denied Benjamin's motion for a judgment of acquittal, (4) the failure of the defense to introduce any evidence, (5) the court's instruction to the

---

[1] The state clarifies in its brief on appeal that, in May 2003, the state trial court, in a non-final order, denied some of Benjamin's claims and directed the state to respond to the remaining claims. Following an evidentiary hearing in October 2003, the court denied Benjamin's Rule 3.850 petition. Moreover, on September 22, 2004, the state appellate court affirmed this decision without written opinion, and on October 9, 2004, the mandate issued.

jury on the elements of aggravated assault, and (6) the fact that the jury asked the court questions about these elements. Benjamin further argued in these attached pages that the government's evidence was insufficient to establish that he acted with specific intent to "threaten to do violence" to a law enforcement officer. In addition, Benjamin indicated in his petition that he previously had raised this claim on direct appeal of his conviction.

Similarly, in support of his claim of ineffective assistance of counsel, Benjamin attached 14 additional pages containing supporting facts and specific allegations. These allegations included that Benjamin was prejudiced when his trial counsel, who was retained only three days before trial, and who met with Benjamin only one hour before his trial commenced, failed to (1) request or obtain a continuance of the trial; (2) conduct a pretrial investigation, including deposing the arresting officers and investigating the crime scene;[2] (3) file a motion to suppress evidence seized based on the arresting officer's warrantless entry of Benjamin's residence; (4) interview or call as witnesses two persons who Benjamin claimed could have rebutted the arresting officer's testimony; and (5) request a jury instruction on the lesser-included offenses of reckless driving and attempted aggravated assault. Benjamin also contended that he raised these claims

---

[2] In discussing his second allegation, Benjamin contended in his petition that this allegation contained six subsections that the district court should consider individually.

4

of ineffective assistance of counsel in his Rule 3.850 motion.

On November 10, 2004, the district court <u>sua sponte</u> dismissed without prejudice Benjamin's § 2254 petition, pursuant to the then-applicable Rule 2(e) of the Rules, based on Benjamin's failure to comply with the pleading requirements contained in Rule 2(c) of the Rules. The court explained that, after conducting a preliminary review of the petition, as required under Rule 4 of the Rules, it had determined that the Benjamin had failed to comply substantially with Rule 2(c)'s requirement that his § 2254 petition contain a "brief" statement of the facts supporting a petitioner's claim. The court determined that Benjamin's petition, instead, was "a rambling, disjointed, and confusing document," and that it was not all written on the pre-printed form.

The court further discussed that Benjamin had failed to provide the date on which (1) he had filed his Rule 3.850 motion; (2) he had filed the appeal of the denial of this motion; and (3) the appeal had been denied and mandate had issued. Citing to <u>Jackson v. Sec'y for Dep't of Corrs.</u>, 292 F.3d 1347, 1349 (11th Cir. 2002), the court explained that these dates were "critical to [the court's] preliminary assessment of whether the petition [was] time-barred under the provisions of 28 U.S.C. § 2244(d)." The court, thus, dismissed without prejudice Benjamin's § 2254 petition, along with directing the clerk of the court to send

5

Benjamin a copy of the pre-printed form for him to use if he wished to file another § 2254 petition.[3]

Benjamin filed a timely notice of appeal ("NOA") of this dismissal order and a motion for leave to proceed in forma pauperis ("IFP"). The district court, after construing this NOA as a motion for a certificate of appealability ("COA"), denied it. This Court, however, granted COA as to the following two issues: "(1) Whether appellant's 28 U.S.C. § 2254 petition failed to comply with Rule 2(c) of the Rules Governing Section 2254 Petitions?; and (2) [i]f so, whether the district court abused its discretion by dismissing appellant's § 2254 petition without giving him an opportunity to amend the petition?"[4]

Benjamin argues on appeal that the district court erred in sua sponte dismissing his § 2254 petition for failure to comply with Rule 2(c) because, as a pro se litigant, he should not have been "held to the same technical standards as litigants represented by counsel." Benjamin asserts that, contrary to the court's determination that he failed to comply with Rule 2(c) by not limiting his summary

_____

[3] In its order dismissing Benjamin's § 2254 petition, the district court also advised Benjamin that, because the time in which a § 2254 petition is pending does not toll the one-year statute-of-limitations period, Benjamin's limitations period would continue to run until he filed a proper § 2254 petition.

[4] Although we initially dismissed Benjamin's appeal for want of prosecution because Benjamin failed to pay the filing fee, we reinstated this appeal after we granted Benjamin's motion to proceed IFP.

6

of the facts to the space provided by the court-required form, the form explicitly stated that a petitioner could attach additional pages setting forth facts on which the petitioner was relying in support of his claims. Benjamin also argues that, to the extent the court determined that his § 2254 petition was "rambling, disjointed, and confusing," the court either should have construed the petition liberally, or directed Benjamin to amend it, pursuant to Fed.R.Civ.P. 15(a). Finally, Benjamin contends that the court erred in concluding that he did not comply with Rule 2(c)'s pleading requirements by failing to include dates relevant to the court's determination of whether his petition was time-barred because (1) the § 2254 petition form did not require inclusion of these facts, and (2) the state had the burden of establishing the affirmative defense of untimeliness. In the alternative, Benjamin argues that the district court erred in not giving him the opportunity to amend his petition.

We review de novo a district court's dismissal of a § 2254 petition. Clark v. Crosby, 335 F.3d 1303, 1307 (11th Cir. 2003). We also liberally construes pro se habeas corpus petitions. See Williams v. Griswald, 743 F.2d 1533, 1542 (11th Cir. 1984) ("It is well established that the standards governing the sufficiency of habeas corpus petitions are less stringent when the petition is drafted pro se and without the aid of counsel"); see also Gunn v. Newsome, 881 F.2d 949, 961 (11th Cir. 1989) ("we have never wavered from the rule that courts should construe a habeas

7

petition filed <u>pro se</u> more liberally than one drawn up by an attorney").

Under Rule 11 of the Rules Governing Section 2254 Petitions, district courts may apply the Federal Rules of Civil Procedure in habeas cases "to the extent that [the civil rules] are not inconsistent with any statutory provisions or [the habeas] rules." <u>Mayle v. Felix</u>, ___ U.S. ___, ___, 125 S.Ct. 2562, 2569, ___ L.Ed.2d ___ (U.S. June 23, 2005); <u>see</u> <u>also</u> Fed.R.Civ.P. 81(a)(2) (the civil rules "are applicable to proceedings for . . . habeas corpus"). Applying the pleading requirements in Fed.R.Civ.P. 8(a), the Supreme Court has determined that a civil complaint need only provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Mayle</u>, ___ U.S. at ___, 125 S.Ct. at 2570 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957)).

Nevertheless, "[a] discrete set of Rules governs federal habeas proceedings launched by state prisoners." <u>Mayle</u>, ___ U.S. at ___, 125 S.Ct. at 2569. Under these rules, "[h]abeas corpus petitions must meet heightened pleading requirements." <u>McFarland v. Scott</u>, 512 U.S. 849, 856, 114 S.Ct. 2568, 2572, 129 L.Ed.2d 666 (1994) (reviewing denial of petitioner's application for stay of execution, filed pursuant to 28 U.S.C. § 2251). Indeed, under the then-applicable Rule 2(c), a habeas petition had to, among other things, (1) "specify all the grounds for relief which are available to the petitioner and of which he has or by the

8

exercise of reasonable diligence should have knowledge," and (2) "set forth in summary form the facts supporting each of the grounds thus specified."  28 U.S.C. § 2254, Rule 2(c) (2004).  Under the then-applicable Rule 2(e), "[i]f a petition . . . [did] not comply with the requirements of rule 2 or rule 3, it [could] be returned to the petitioner, if a judge of the court so direct[ed], together with a statement of the reasons for its return."  Id., Rule 2(e) (2004).[5]  In addition, under Rule 4, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  Id., Rule 4 (2004); see also Day v. Crosby, 391 F.3d 1192, 1194 (11th Cir. 2004) (explaining that Rule 4 differentiates habeas cases from other civil cases with respect to sua sponte consideration of affirmative defenses), petition for cert. filed, No. 04-1324 (U.S. March 30, 2005).

To the extent the district court cited to Benjamin's failure to include the date when his appeal of denial of his Rule 3.850 motion was decided, we have concluded that, "even though the AEDPA's statute of limitations is an affirmative

---

[5]  In 2004, Rules 2 and 3 were amended, such that, under the current Rule 3(b), the clerk of the court is required to file a petition, even though it may otherwise fail to comply with the provisions in Rule 2(c), which remains substantially the same.  See 28 U.S.C. § 2254, Rules 2(c), 3(b) (2005); see also id., Notes of Advisory Committee on 2004 Amendments (explaining that, due to the applicability of the AEDPA's one-year statute of limitations, the Committee believed that the better procedure was to accept defective petitions and require the petitioner to submit a corrected petition that conforms to Rule 2(c)).

defense, the district court may review <u>sua sponte</u> the timeliness of a § 2254 petition." <u>See</u> <u>Jackson</u>, 292 F.3d at 1349. Benjamin's period of limitations began running in June 2002—when his judgment of conviction became final. <u>See</u> 28 U.S.C. § 2244(d)(1)(A) (measuring this one-year period from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"); <u>Wade v. Battle</u>, 379 F.3d 1254, 1256 (11th Cir. 2004) (holding that judgment of conviction became "final" when the 90-day period in which to seek a writ of <u>certiorari</u> from the United States Supreme Court had expired). Pursuant to 28 U.S.C. § 2244(d)(2), however, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Assuming for purposes of review that Benjamin properly filed his appeal of the state court's denial of his Rule 3.850 motion in April 2003, the date when this appeal was decided was the date his tolling period stopped and, thus, was relevant to the district court's determination of whether his § 2254 petition was timely filed. <u>See</u> <u>id.</u> As both parties concede, however, the pre-printed form applicable at the time Benjamin filed his § 2254 petition did not require that he include the date on

which his appeal of the state trial court's denial of his Rule 3.850 motion was decided. Thus, despite the relevancy of the date on which Benjamin's appeal of his Rule 3.850 motion became final, the district court erred in relying on the omission of this date, at least in <u>sua sponte</u> dismissing Benjamin's § 2254 petition for failure to substantially comply with Rule 2(c).[6]

Similarly, to the extent the district court cited, in support of its dismissal, to Benjamin's inclusion of additional pages of facts and his failure to state his claims and supporting facts in a "brief" and "concise" fashion, a review of this pre-printed § 2254 form does not reveal an instruction not to attach additional pages. Indeed, as discussed above, the Supreme Court has required, and the applicable § 2254 form explicitly cautioned, that petitioners must (1) include all grounds on which they sought relief, and (2) allege facts in support of each ground asserted. <u>See</u> <u>McFarland</u>, 512 U.S. at 856, 114 S.Ct. at 2572 (reviewing denial of petitioner's application for stay of execution, filed pursuant to 28 U.S.C. § 2251).[7] Quoting the Advisory Committee's Note on Rule 4, the Supreme Court recently explained in <u>Mayle</u> that "'notice' pleading is not sufficient, for the petition is expected to state

---

[6] The government concedes on appeal that Benjamin's § 2254 petition was timely filed within the AEDPA's statute-of-limitations period.

[7] To the extent Benjamin is arguing that the § 2254 form explicitly instructed that petitioners could submit additional pages, he has failed to cite to the record in support of this argument, and a review of the record has not revealed any such instruction.

facts that point to a real possibility of constitutional error." See Mayle, ___ U.S. at ___, 125 S.Ct. at 2570.

Here, Benjamin's attached pages supporting his claim of insufficient evidence included facts supporting this claim, that is, a summary of the trial testimony and the court's instruction to the jury on the elements of aggravated assault. Similarly, Benjamin's attached pages supporting his claims of ineffective assistance of counsel included a summary of the acts and omissions on which he was relying in claiming that his counsel's performance was deficient, along with the reasons why he believed he was prejudiced by this performance. Thus, although Benjamin arguably could have presented the facts in the case in a more "concise," "coherent," and "brief" manner, the district court also erred in concluding that Benjamin's § 2254 petition did not substantially comply with Rule 2(c), based on his attachment of additional pages of facts and the length of his petition. See id. at ___, 125 S.Ct. at 2569-70.[8] Furthermore, because the district court erred in concluding that Benjamin's § 2254 petition did not substantially

---

[8] To the extent we have expressly disapproved of the filing of § 2254 petitions by attorneys that contain extensive legal arguments and quotations from the record, the instant 38-page pro se petition, instead, limited itself to a summary of the facts and brief arguments relating to these facts. Cf. Provenzano v. Singletary, 148 F.3d 1327, 1328 n.1 (11th Cir. 1998) (criticizing counsel for filing a 335-page petition that included extensive legal argument and record quotations and resembled a treatise more than a petition); Spaziano v. Singletary, 36 F.3d 1028, 1031 n.2 (11th Cir. 1994) (explaining that "[a]ttorneys who cannot discipline themselves to write concisely are not effective advocates, and they do a disservice not only to the courts but also to their clients").

comply with Rule 2(c), we need not determine whether the district court committed reversible error in dismissing this petition, instead of <u>sua sponte</u> directing Benjamin to amend it.[9]

Accordingly, we conclude that the district court erred in determining that Benjamin failed to substantially comply with Rule 2(c)'s pleading requirements. We, therefore, vacate and remand for further consideration in light of this decision.

**VACATED AND REMANDED.**

---

[9] In the non-habeas civil context, we have concluded that, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," leave to amend "should be freely given," pursuant to Fed.R.Civ.P. 15(a). <u>See</u> <u>Hall v. United Ins. Co. of America</u>, 367 F.3d 1255,1262 (11th Cir. 2004) (quotation omitted). Benjamin, however, failed to raise this argument in the district court. We have determined, at least when a party is proceeding with counsel, that "[a] district court is not required to grant a plaintiff leave to amend his complaint <u>sua sponte</u> when the plaintiff . . . never filed a motion to amend nor requested leave to amend before the district court." <u>See</u> <u>Wagner v. Daewoo Heavy Industries America Corp.</u>, 314 F.3d 541, 542 (11th Cir. 2002) (<u>en banc</u>). Moreover, as the district court instructed Benjamin upon dismissing his petition within approximately a week of its filing, Benjamin still could have filed a timely petition, rather than proceeding with the instant appeal. On the other hand, as discussed above, recognizing the harsh results that can result from dismissals of § 2254 petition based on non-compliance with Rule 2(c), the Rules subsequently have been amended, whereas district courts now are directed to accept a defective petition, with the condition that the petitioner submit a corrected petition. <u>See</u> Habeas Rule 2, Rules Governing Habeas Cases, Notes of Advisory Committee on 2004 Amendments.