[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 01-14933
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 07, 2002
THOMAS K. KAHN
CLERK

D.C. Docket No. 00-06331-CV-JAL

TROY JACKSON,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
Michael W. Moore,

Respondent-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

**(June 7, 2002)**

Before DUBINA, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Appellant Troy Jackson, a Florida prisoner proceeding *pro se*, appeals the denial of his habeas corpus petition, which he filed pursuant to 28 U.S.C. § 2254, as barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). We affirm.

## I.

Because Jackson filed his petition after the effective date of the AEDPA, the provisions of that Act govern the instant appeal. On appeal, Jackson argues that the district court erred in denying his section 2254 petition as time-barred because (1) the state failed to raise this challenge to his petition in its response below, and (2) the district court lacked the authority to raise the issue *sua sponte*. Moreover, Jackson contends that he timely filed his section 2254 petition because he had two years from his conviction to file a Florida Rule of Criminal Procedure 3.850 motion and one year from the disposition of that motion to file his section 2254 petition. Jackson also reasserts his substantive claims.

## II.

This court reviews *de novo* the district court's determination that a section 2254 petition is time-barred. *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). A petitioner in state custody has one year to file a section 2254 petition. 28 U.S.C. § 2244(d)(1). The one-year limitations period of the AEDPA

2

is measured from the latest of the date on which (1) the conviction became final by conclusion of direct review or the expiration of the time for seeking such review; (2) the impediment to making a motion created by governmental action in violation of the law was removed, if the governmental action prevented the filing of the petition; (3) the Supreme Court initially recognized the right asserted, if that right has been newly recognized and made retroactively applicable to cases on collateral review; or (4) the facts supporting the claim could have been discovered through due diligence. *Id.*

### III.

According to the Supreme Court Rules, a petitioner must file for a writ of *certiorari* to the Supreme Court of the United States within 90 days after entry of judgment in the state court of last resort. Sup. Ct. R. 13. We have held, in the context of a motion to vacate under 28 U.S.C. § 2255, that a federal prisoner's direct appeal does not become final until the expiration of the extra 90 days in which he could have filed for a writ of *certiorari* to the Supreme Court of the United States. *Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002). While we have not directly dealt with the issue in the context of a section 2254 petition, we indicated in dicta that, under the AEDPA, a state prisoner may have

the benefit of the 90-day window before his conviction is considered final. *Coates v. Byrd*, 211 F.3d 1225, 1226 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166 (2001).

According to the tolling provision of section 2254(d), the time during which a "properly filed" application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2). In analyzing the limitations period of the AEDPA, we noted that a criminal conviction for a Florida prisoner becomes final upon issuance of the mandate on direct appeal. *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), *cert. denied*, 122 S.Ct. 1101 (2002). In *Tinker*, we held that, even though Florida law allows a prisoner two years to file a Rule 3.850 motion, the prisoner must file the motion within one year after his conviction becomes final in order to toll the one-year limitations period. *Id.* at 1334-35.

We have not addressed directly whether a district court may determine that a section 2254 petition is time-barred even though the state did not raise the issue. However, every other circuit that has dealt with the issue has found that, even though the statute of limitations is an affirmative defense, the district court may review *sua sponte* the timeliness of the section 2254 petition. *See, e.g., Hill v. Braxton*, 277 F.3d 701, 706 (4th Cir. 2002) (holding that a district court may raise *sua sponte* the AEDPA statute of limitations); *Herbst v. Cook*, 260 F.3d 1039,

1042 (9th Cir. 2001) (same); *Acosta v. Artuz,* 221 F.3d 117, 124 (2d Cir. 2000) (same); *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999) (same). Following the reasoning of our sister circuits, we hold that the district court possessed the discretion to raise *sua sponte* the timeliness issue.

Moreover, we conclude that Jackson's section 2254 petition was not timely filed. Because Jackson did not assert that a government-created impediment to his filing existed, that he based his claims on a right newly recognized by the Supreme Court, or that the facts supporting his claims could not have been discovered through due diligence before the filing of this petition, the statute of limitations must be measured from the remaining trigger, which is the date on which his conviction became final. *See* 28 U.S.C. § 2244(d)(1).

In the instant case, the Fourth District Court of Appeals of Florida (DCA) affirmed Jackson's conviction on October 17, 1997. Giving Jackson the extra 90 days in which he could have filed for *certiorari* to the Supreme Court, Jackson's conviction became final at the latest on January 15, 1998. He waited approximately two and a half months (49 days) before filing his Rule 3.850 motion on March 5, 1998. He waited approximately another 11 months (346 days) from the DCA's affirmance of the denial of his Rule 3.850 motion before filing the instant section 2254 petition. In total, Jackson allowed 395 days of untolled time

5

to lapse from his one-year statute of limitations even with the benefit of the additional 90-day period. Consequently, the statute of limitations bars Jackson's petition, and, for that reason, the district court properly denied the petition. Because Jackson's claims are time-barred, and the district court did not make any determinations on the substantive claims, we likewise decline to discuss the merits of those claims.

Accordingly, we affirm the district court's denial of Jackson's section 2254 petition as time-barred.

**AFFIRMED.**