[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**November 29, 2004**
**THOMAS K. KAHN**
**CLERK**

No. 04-10778
Non-Argument Calendar

_____

D. C. Docket No. 03-00015-CV-3-MCR-MD

PATRICK DAY,

Petitioner-Appellant,

versus

JAMES CROSBY,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(November 29, 2004)**

Before TJOFLAT, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Patrick Day, a Florida prisoner, appeals pro se the dismissal of his petition

for a writ of habeas corpus under 28 U.S.C. section 2254. The district court dismissed Day's petition <u>sua sponte</u> after deciding that it was untimely under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), even though the state erroneously conceded that Day's petition was timely. We granted Day a certificate of appealability to determine whether the district court could <u>sua sponte</u> dismiss an untimely petition despite a concession of timeliness by the state. We conclude that a concession of timeliness that is patently erroneous does not compromise the authority of a district court to dismiss <u>sua sponte</u> a habeas petition that is untimely, under AEDPA, which was enacted to promote finality of state criminal judgments. We affirm.

## I. BACKGROUND

On September 3, 1998, Day was convicted of second-degree murder and sentenced to imprisonment for 55 years. After the Florida First District Court of Appeals affirmed Day's conviction and sentence, the limitation period for Day to obtain federal habeas relief began to run on March 20, 2000. On March 9, 2001, Day filed a collateral attack under Florida Rule of Criminal Procedure 3.850, which tolled the limitation period for filing a habeas petition until December 3, 2002, when the First District Court of Appeals issued its mandate for the denial of collateral relief for Day. See <u>Nyland v. Moore</u>, 216 F.3d 1264, 1267 (11th Cir.

2000).  By then, Day had used 353 of his allotted 365 days under the statute of limitations.  He had until December 16, 2002, to file a federal habeas petition, but did not file for federal habeas relief until January 8, 2003, after the statute of limitations had run.

A federal magistrate judge acknowledged that Day's petition was "in proper form" and ordered the state to file an answer.  The order directed the state to make all arguments regarding potential failure to exhaust state remedies or procedural default.  The order stated that those arguments would be waived if not addressed in the answer, but the order did not mention the statute of limitations.  The answer of the State of Florida erroneously asserted that "[the state] agrees that the petition is timely; [sic] filed after 352 days of untolled time" and then addressed Day's substantive arguments.  In December 2003, the court sua sponte issued an order to show cause why Day's petition should not be dismissed as untimely.

Day made three arguments against dismissal.  Day first argued that the court should not dismiss his complaint after it had been pending for a year without any suggestion that it was untimely.  Day argued second that he had 90 days from the denial of his motion for rehearing on collateral appeal to file a petition for a writ of certiorari in the United States Supreme Court.  Under his calculation, the limitation period for filing his federal habeas petition did not run until 90 days after

November 15, 2002. Day's third argument was that the state public defenders withheld his trial transcript for 352 days, and the delay cost him time in which he could have worked toward filing his appeals.

The magistrate judge recommended dismissal of Day's habeas petition. The magistrate judge concluded that Coates v. Byrd, which held that the 90-day period for seeking certiorari review in the United States Supreme Court on collateral appeal does not toll the limitations period for filing a federal habeas petition, foreclosed Day's argument. 211 F.3d 1225, 1227 (11th Cir. 2000). The magistrate judge also recommended that Day's argument regarding the trial transcripts did not meet the standard for equitable tolling under section 2244. In his objection to the report and recommendation of the magistrate judge, Day argued for the first time that the concession of timeliness by the state was dispositive.

The district court adopted the magistrate judge's report, dismissed Day's petition, and denied Day's certificate of appealability. We granted a certificate of appealability to determine "[w]hether the district court erred in addressing the timeliness of appellant's habeas corpus petition, filed pursuant to 28 U.S.C. § 2254, after the appellee had conceded that appellant's petition was timely."

## II. STANDARD OF REVIEW

We review de novo the dismissal of a habeas petition as time-barred. Steed

4

v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000).

### III. DISCUSSION

Two years ago, we held that, after the state has filed a response to a habeas petition that does not raise the statute of limitations as an affirmative defense, a district court may dismiss a habeas petition sua sponte because the limitations period of one year, under AEDPA, has expired. Jackson v. Sec'y for the Dep't of Corrs., 292 F.3d 1347, 1349 (11th Cir. 2002). We joined the Second, Fourth, Fifth, and Ninth Circuits and ruled that, "even though the statute of limitations is an affirmative defense, the district court may review sua sponte the timeliness of the section 2254 petition." Id. (citing Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000); Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); Kiser v. Johnson, 163 F.3d 326, 329 (5th Cir. 1999); Herbst v. Cook, 260 F.3d 1039, 1042 (9th Cir. 2001)). Jackson controls the resolution of this appeal.

This appeal presents a distinction without a difference; there is no meaningful difference between an erroneous failure to plead the statute of limitations as an affirmative defense, as occurred in Jackson, and a concession of timeliness that was patently erroneous, as occurred here. In an ordinary civil case, a "failure to plead the bar of the statute of limitations constitutes a waiver of the defense." Day v. Liberty Nat'l Life Ins. Co., 122 F.3d 1012, 1015 (11th Cir.

5

1997); <u>EEOC v. White & Son Enters.</u>, 881F.2d 1006, 1009 (11th Cir. 1989). But a habeas case that is governed by AEDPA is not controlled by this rule. Under <u>Jackson</u>, a failure to plead the defense does not bar the district court from raising the issue <u>sua sponte</u> and ordering the petitioner to show cause why the petition should not be dismissed.

The critical difference between the ordinary civil case and a habeas case involves Rule 4 of the Rules Governing Section 2254 cases. That rule states, "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." The Fifth, Fourth, and Second Circuits have concluded that "[t]his rule differentiates habeas cases from other civil cases with respect to <u>sua sponte</u> consideration of affirmative defenses." <u>Kiser</u>, 163 F.3d at 328; <u>see also</u> <u>Acosta</u>, 221 F.3d at 23; <u>Hill</u>, 277 F.3d at 705. The Advisory Committee Notes to Rule 4 state that a federal district court has "the duty ... to screen out frivolous applications."

In a pre-AEDPA decision, this Court held that, although "in [habeas] cases circumstances may counsel that the district court raise <u>sua sponte</u> a procedural bar to relief that the state has 'waived,'" the district court must consider whether the dismissal "serves an important federal interest." <u>Esslinger v. Davis</u>, 44 F.3d 1515,

6

1524 (11th Cir. 1995). Esslinger is distinguishable. Esslinger concerned procedural default in state court under state law. Here the district court examined the record and determined that the state erroneously conceded the timeliness of a federal statute of limitations. A federal court that sits in collateral review of a criminal judgment of a state court has an obligation to enforce the federal statute of limitations. When it enacted AEDPA, Congress circumscribed our review in habeas cases to promote comity, finality, and federalism, and Congress enacted the AEDPA statute of limitations as the principal tool to "serve[] the well-recognized interest in the finality of state court judgments." Duncan v. Walker, 533 U.S. 167, 179, 121 S. Ct. 2120, 2128 (2001); see also Williams v. Taylor, 529 U.S. 420, 436, 120 S. Ct. 1479, 1490 (2000).

Day brings to our attention that the Sixth Circuit has reached a contrary result. Scott v. Collins, 286 F.3d 923 (6th Cir. 2003). In Scott, a divided panel of the Sixth Circuit held that "[a] district court's ability to dismiss a habeas petition sua sponte as an initial matter (after giving the petitioner notice and an adequate opportunity to be heard) does not amount to a power to cure sua sponte a party's waiver of an affirmative defense." Id. at 930. The dissent reasoned that because exhaustion and procedural default could be raised sua sponte, "[t]here is no reason why the statute of limitations–also an affirmative defense which may be waived by

the respondent–should be treated differently." Id. at 934 (Stafford, J., dissenting). The Ninth Circuit has followed Scott, Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004), but our precedent in Jackson is binding and requires us to part with the Sixth and Ninth Circuits.

This sua sponte dismissal differs significantly from other sua sponte rulings that the Supreme Court has criticized. In Calderon v. Thompson, the Supreme Court was unanimous as to one point: it refused to "condone" the efforts of a court to recall its own mandate "as a mechanism to frustrate" the requirements Congress imposed under AEDPA. 523 U.S. 538, 569, 118 S. Ct. 1489, 1507 (1998) (Souter, J., dissenting), accord id. at 553-54, 118 S. Ct. at 1500-01 (majority opinion). Our decision, in contrast, fulfills the purposes of AEDPA by enforcing its limitation period.

## IV.  CONCLUSION

A concession of timeliness by the state that is patently erroneous does not compromise the authority of a district court sua sponte to dismiss a habeas petition as untimely, under AEDPA. The judgment of the district court is, therefore,

**AFFIRMED.**