[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15697
Non-Argument Calendar
_____

D.C. Docket Nos. 8:10-cv-01873-JDW-EAJ,

8:07-cr-00091-T-27EAJ

JOSEPH MORGAN ROGERS, JR.,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 23, 2014)

Before MARCUS, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Joseph Rogers, a federal prisoner, appeals the district court's dismissal of his

28 U.S.C. § 2255 motion to vacate, arguing that under Johnson v. United States,

559 U.S. 133 (2010), he was actually innocent of the sentencing enhancement under the Armed Career Criminal Act ("ACCA").  He says that the government did not demonstrate that any of his prior convictions were violent felonies and demonstrated only one offense that constituted a serious drug offense.  However, the district court raised the statute of limitations sua sponte and dismissed his motion as untimely.  The district court granted a certificate of appealability ("COA") with respect to the following issue:

> Whether the government deliberately waived the statute of limitations defense.

On appeal, Rogers argues that the government deliberately waived the statute of limitations defense, and that the district court abused its discretion by raising the issue sua sponte after the government addressed the cause and prejudice standards under § 2255(f)(3) and conceded timeliness of Rogers's motion.  After careful review, we vacate and remand to the district court.

We review de novo questions of law related to a district court's denial of a motion to vacate.  Rhode v. United States, 583 F.3d 1289, 1290 (11th Cir. 2009).  The scope of our review is limited by the issues specified in the certificate of appealability, and we construe the issue specification in light of the pleadings and

other parts of the record.  Id. at 1290-91; United States v. Murray, 145 F.3d 1249, 1251 (11th Cir. 1998).[1]

A prisoner who is in custody under a federal sentence may move the district court to vacate, set aside, or correct his sentence if he claims the right to his release upon the ground that his sentence was imposed in violation of the constitution or federal law, the district court lacked jurisdiction to impose his sentence, his sentence exceeded the maximum authorized by law, or his sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).  A federal prisoner must file a motion to vacate within one year of the latest of: (1) the date upon which the underlying judgment of conviction became final; (2) the date upon which the impediment to making a motion created by the government in violation of the constitution or federal law is removed, so long as the prisoner was prevented from making a motion by the government; (3) the date upon which the right asserted was initially recognized by the U.S. Supreme Court if that right has been newly recognized by the U.S. Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date upon which the facts supporting the claim could have been discovered through the exercise of due diligence.  Id. § 2255(f).

---

[1]    Indeed, because the COA concerned only whether the government deliberately waived the statute of limitations defense, a merits determination is beyond the scope of the COA. Rhode, 583 F.3d at 1290.

3

The Federal Rules of Civil Procedure provide that, "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including" statute of limitations. Fed. R. Civ. P. 8(c). The statute of limitations is an affirmative defense that the government waives if it fails to raise it in its response, but we have previously held that the district court may, at its discretion, sua sponte address the statute of limitations issue. See Jackson v. Sec'y for Dep't of Corrs., 292 F.3d 1347, 1349 (11th Cir. 2002). In regard to a court sua sponte raising the statute of limitations issue in a habeas proceeding, the Supreme Court has said:

> [B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions. Further, the court must assure itself that the petitioner is not significantly prejudiced by the delayed focus on the limitation issue, and determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred.

Day v. McDonough, 547 U.S. 198, 210 (2006) (citations and quotations omitted).

In Day, the state indicated that the prisoner's § 2254 petition was timely. It was filed within the one-year limitation period under 28 U.S.C. § 2244(d)(1)(A) because it was filed after 352 days of untolled time. Id. at 201. However, under Circuit precedent, the untolled time was 388 days, rendering the petition untimely. Id. at 201-02. The Supreme Court "would count it an abuse of discretion to override a [s]tate's deliberate waiver of a limitations defense." Id. However, in Day's case, the Supreme Court concluded that there was no intelligent waiver of

4

the statute of limitations defense on the state's part, only an evident miscalculation of the elapsed time under a statute. Id. Therefore, the federal court had discretion to dismiss the petition as untimely. Id.

Here, the district court erred in dismissing Rogers's motion as untimely. As the record shows, the government correctly identified the date that Rogers filed his motion. It expressly stated that he filed a timely motion. Rogers had asserted that his motion was timely because it was filed within one year of the Supreme Court's decision in Johnson. The government argued that notwithstanding Johnson, Rogers's argument was meritless. Based on these considerations, the government's determination was not a miscalculation related to the timeliness of the motion, but rather an intelligent waiver of the statute of limitations defense. Day, 547 U.S. at 202; see also Gay v. United States, 816 F.2d 614, 616 n.1 (11th Cir. 1987). ("[T]he principles developed in habeas cases also apply to § 2255 motions."). Therefore, the district court erred in dismissing Rogers's motion as untimely. Accordingly, we vacate and remand to the district court for consideration of Rogers's motion on the merits.

**VACATED AND REMANDED.**