[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12979
Non-Argument Calendar
_____

D.C. Docket No. 0:17-cv-60881-WPD

HUBERT KINGSLAY,

Petitioner-Appellant,

versus

STATE OF FLORIDA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 29, 2018)

Before MARTIN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Hubert Kingslay, a Florida prisoner proceeding *pro se*, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition as time-barred.  We granted a certificate of appealability ("COA") on the issues of (1) whether the district court erred in taking judicial notice of copies of state courts' electronic dockets to *sua sponte* conclude that Kingslay's § 2254 petition was untimely, and (2) whether the district court erred in alternatively *sua sponte* determining that Kingslay's claims failed on the merits without hearing from the State or reviewing the complete state court record.

We review a district court's denial of a § 2254 petition *de novo*.  *Bester v. Warden*, 836 F.3d 1331, 1336 (11th Cir. 2016), *cert. denied*, 137 S. Ct. 819 (2017). We also review *de novo* the district court's application of equitable tolling.  *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014).  In an appeal brought by an unsuccessful habeas petitioner, the scope of our review is limited to the issues specified in the COA.  *Kuenzel v. Allen*, 488 F.3d 1341, 1343 (11th Cir. 2007); *see also Williams v. McNeil*, 557 F.3d 1287, 1290 n.4 (11th Cir. 2009) (refusing to consider the merits of the defendant's timeliness argument where the COA was granted only as to "whether the Court was required to consider [his] arguments regarding timeliness").  Arguments raised for the first time on appeal are not properly before us.  *Hurley v. Moore*, 233 F.3d 1295, 1297 (11th Cir. 2000).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys and are thus liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, issues not raised in the appellant's brief on appeal are deemed abandoned. *Jones v. Campbell*, 436 F.3d 1285, 1303 (11th Cir. 2006). This rule applies to issues included in the COA that are not briefed or argued on appeal. *See id.*

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2254 petition is governed by a one-year statute of limitations that begins to run on the latest of four triggering events, including the date on which the challenged judgment became final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Statutory tolling allows state prisoners to toll the limitations period while properly filed state post-conviction actions are pending. 28 U.S.C. § 2244(d)(2). We have recognized Florida motions under Fla. R. Crim. P. 3.850 as tolling motions. *See Day v. Crosby*, 391 F.3d 1192, 1192-93 (11th Cir. 2004). Any appeals filed in a state court from the denial of these motions also toll the limitations period. *See id.*

The district court may *sua sponte* dismiss a habeas petition as untimely under the AEDPA's statute of limitations, but is not obligated to do so. *See Day v. McDonough*, 547 U.S. 198, 209 (2006). "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their

3

positions.  Further, the court must assure itself that the petitioner is not significantly prejudiced by the delayed focus on the limitations issue, and determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time-barred."  *Id.* at 210 (quotation marks and citations omitted).  In *Day*, the Supreme Court held that the district court did not err when it *sua sponte* dismissed a habeas petition as untimely because the magistrate judge issued Day notice and a fair opportunity to show why the limitation period should not require dismissal of his petition, and nothing in the record suggested that the state was withholding the defense.  *Id.* at 210-11.  Habeas Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rules Governing § 2254 Cases, Rule 4.

Kingslay has abandoned on appeal any argument as to the first issue in the COA of whether the district court erred by *sua sponte* determining that his § 2254 petition was time-barred by taking judicial notice of state court records.  His only timeliness argument, regarding his entitlement to equitable tolling, is outside the scope of the COA because it is unrelated to the judicial notice issue.  We need not reach the second COA issue regarding the merits of Kingslay's claims, because we affirm the district court's decision on the timeliness determination.

4

**AFFIRMED.**