[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12541
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-20381-KMW

MICHAEL ROZIER,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 14, 2019)

Before MARTIN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Rozier, a Florida prisoner proceeding *pro se*, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition as time-barred.  We granted a certificate of appealability ("COA") on the issue of whether the district court erred in dismissing, without an evidentiary hearing, Rozier's original § 2254 petition, as well as denying his first and second motions to amend his § 2254 petition, by relying on state court electronic dockets in determining the untimeliness of Rozier's habeas proceeding.

We review *de novo* the district court's dismissal of a § 2254 petition as untimely.  *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006).  In an appeal brought by an unsuccessful habeas petitioner, the scope of our review is limited to the issues specified in the COA.  *Kuenzel v. Allen*, 488 F.3d 1341, 1343 (11th Cir. 2007); *see also Williams v. McNeil*, 557 F.3d 1287, 1290 n.4 (11th Cir. 2009) (refusing to consider the merits of the defendant's timeliness argument where the COA was granted only as to "whether the Court was required to consider [his] arguments regarding timeliness").  However, we have broadly interpreted a COA to include the applicability of equitable tolling where the COA was issued on whether the one-year limitations period barred the prisoner's petition and whether the statute of limitations was tolled during the pendency of the prisoner's petition for writ of certiorari.  *Lawrence v. Florida*, 421 F.3d 1221, 1225-26 (11th Cir. 2005).  *Pro se* pleadings are held to a less stringent standard than those drafted by

2

attorneys and are thus liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Arguments raised for the first time on appeal are not properly before us. *Hurley v. Moore*, 233 F.3d 1295, 1297 (11th Cir. 2000).

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, a § 2254 petition is governed by a one-year statute of limitations that begins to run on the latest of four triggering events, including the date on which the challenged judgment became final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Prisoners whose convictions became final before April 24, 1996, have one year from this date to file their habeas action, or until April 23, 1997. *See Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998) (holding that federal prisoners convicted before the AEDPA's effective date must be given a "reasonable time" to file a § 2255 motion, which is one year from the Act's effective date); *Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1211 (11th Cir. 1998) (holding the same in the context of a § 2254 petition).

Statutory tolling allows state prisoners to toll the limitations period while properly filed state post-conviction actions are pending. 28 U.S.C. § 2244(d)(2). First, Florida has adopted a mailbox rule for the filing of post-conviction motions by *pro se* prisoners. *See Thompson v. State*, 761 So. 2d 324, 326 & n.1 (Fla. 2000). Further, we have recognized Florida motions under Fla. R. Crim. P. 3.850 as

3

tolling motions.  *Day v. Crosby*, 391 F.3d 1192, 1192-93 (11th Cir. 2004).

Petitioners adjudicated guilty prior to January 1, 1985, had until January 1, 1986,

to file a Rule 3.850 motion challenging their pre-1985 conviction.  *In re Rule 3.850*

*of Fla. R. Crim. P.*, 481 So. 2d 480, 480 (Fla. 1985).  Appeals filed in a state court

from the denial of these motions also toll the limitations period.  *See Crosby*, 391

F.3d at 1192-93.

The district court may *sua sponte* dismiss a habeas petition as untimely

under the AEDPA's statute of limitations but is not obligated to do so.  *See Day v.*

*McDonough*, 547 U.S. 198, 209 (2006).  "[B]efore acting on its own initiative, a

court must accord the parties fair notice and an opportunity to present their

positions.  Further, the court must assure itself that the petitioner is not

significantly prejudiced by the delayed focus on the limitation issue, and determine

whether the interests of justice would be better served by addressing the merits or

by dismissing the petition as time barred."  *Id.* at 210 (quotation marks and

citations omitted).  In *Day*, the Supreme Court held that the district court did not

err when it *sua sponte* dismissed a habeas petition as untimely because:

> [T]he Magistrate Judge gave Day due notice and a fair opportunity to
> show why the limitation period should not yield dismissal of the
> petition. The notice issued some nine months after the State answered
> the petition. No court proceedings or action occurred in the interim,
> and nothing in the record suggests that the State 'strategically'
> withheld the defense or chose to relinquish it.

*Id.* at 210-11.

Habeas Rule 4 provides that "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rules Governing § 2254 Cases, Rule 4.

The Federal Rules of Evidence permit a district court to take judicial notice of a fact that is not subject to reasonable dispute on its own initiative, but taking judicial notice of facts is "a highly limited process."  *Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1273 (11th Cir. 2014) (quotation marks omitted).  "The reason for this caution is that the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court."  *Id.* (quotation marks omitted).  Accordingly, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  "Since the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed, the fact must be one that only an unreasonable person would insist on disputing."  *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994).  Due to these safeguards, a party is

5

entitled an opportunity to be heard as to the propriety of taking judicial notice, upon timely request. *See* Fed. R. Evid. 201(e).

We have previously taken judicial notice of prior habeas proceedings brought by a prisoner challenging the same conviction, even when the record was not before us on appeal, when determining whether a plea was voluntary. *See Moore v. Estelle*, 526 F.2d 690, 694 (5th Cir. 1976). This decision, from 1976, presumably used paper records from previous litigation. *See id.* We have also held that a district court could take judicial notice of a petitioner's previously filed § 2254 applications to determine that certain claims were successive. *See Allen v. Newsome*, 795 F.2d 934, 938 (11th Cir. 1986). Regarding state court dockets, we have previously held that a district court could take judicial notice of uncertified docket sheets as evidence of the defendant's prior convictions to determine if he was subject to the career-offender enhancement under the Sentencing Guidelines. *See United States v. Brown*, 526 F.3d 691, 710-12 (11th Cir. 2008), *judgment vacated on other grounds*, 556 U.S. 1150 (2009).

A federal court shall not hold an evidentiary hearing on a claim in a § 2254 petition if the petitioner has failed to develop the factual basis in state court unless the petitioner shows that: (A) the claim relies on either a new rule of constitutional law, made retroactive by the Supreme Court, or newly discovered evidence, and (B) the facts underlying the claim would be sufficient to establish by clear and

convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.  28 U.S.C. § 2254(e)(2).  An evidentiary hearing is not required "on the issue of time-bar or equitable tolling, so the decision as to whether to conduct an evidentiary inquiry is a matter left to the sound discretion of the district court."  *San Martin v. McNeil*, 633 F.3d 1257, 1271 (11th Cir. 2011) (quotation marks omitted).  An evidentiary hearing may be necessary where the material facts are disputed, but the petitioner is not entitled to one when his claims "are merely conclusory allegations unsupported by specifics."  *Id.* (quotation marks omitted).

Even if the district court erred in failing to hold an evidentiary hearing, several reasons persuade us that the record in this case is absolutely clear that Rozier's § 2254 petition is barred by AEDPA's statute of limitations.  In arguing that his petition is not time barred, Rozier relies solely on a purported Rule 3.850 motion which he claims he filed in state court in March 1997, which he further claims has never been ruled upon by the state courts.  He argues, correctly, that such a March 1997 Rule 3.850 motion would, if "properly filed," have been timely under AEDPA because his AEDPA statute of limitations did not expire until April 24, 1997.  But Rozier incorrectly argues that the Rule 3.850 motion tolled the time for filing his § 2254 petition.  Under Florida law, Rozier's collateral challenge to his 1980 conviction had to be filed by January 1, 1986.  *See In re Rule 3.850 of*

7

*Fla. R. Crim. P.*, 481 So. 2d 480, 480 (Fla. 1985) (holding that petitioners convicted prior to January 1, 1985, had until January 1, 1986, to file a Rule 3.850 motion). Thus, Rozier's purported March 1997 Rule 3.850 motion was barred by Florida's own state law statute of limitations. Accordingly, even assuming the validity of Rozier's March 1997 Rule 3.850 motion, and even assuming that it could toll the time for filing Rozier's § 2254 petition all the way to the January 24, 2017, filing thereof, his March 1997 Rule 3.850 motion was untimely filed under state law, and thus was not "properly filed" so as to toll the time for filing a § 2254 petition. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Accordingly, it would be futile to hold an evidentiary hearing on whether Rozier's March 1997 Rule 3.850 motion has significance for this case. We need not address the following facts that would counsel against the existence of the purported Rule 3.850 motion. First, Rozier initially indicated in his § 2254 petition that he had no pending post-conviction motions in state or federal court, which contradicts his later assertion in the objections to the R&R that he had an outstanding Rule 3.850 motion from March 1997. Second, the Rule 3.850 motion had no date stamp other than the one on the date it was received for mailing in the present case. Third, the caption of Rozier's Rule 3.850 motion named Miami-Dade County, even though the county was called "Dade County" when he allegedly filed it in March 1997. Similarly, there is no need for an evidentiary

8

hearing to determine whether Rozier diligently pursued his rights with respect to a March 1997 Rule 3.850 motion still pending twenty years later, or other issues that Rozier might have raised.

For the foregoing reasons, the judgment of the district court is

**AFFIRMED.**