[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11087
Non-Argument Calendar
_____

D.C. Docket No. 9:18-cv-80067-WPD

JOHN A. TOTH,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL OF THE STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 13, 2019)

Before WILLIAM PRYOR, MARTIN, GRANT, Circuit Judges.

PER CURIAM:

John A. Toth, a Florida prisoner proceeding pro se, appeals the District

Court's sua sponte dismissal of his 28 U.S.C. § 2254 petition as time-barred.  After

careful consideration, we affirm.

Toth filed a § 2254 application for a writ of habeas corpus in federal district court, challenging the constitutionality of his Florida convictions and 10-year prison sentence for arson and related crimes.  A magistrate judge sua sponte recommended dismissing Toth's petition as time-barred.  See Jackson v. Sec'y for Dep't of Corr., 292 F.3d 1347, 1349 (11th Cir. 2002) (per curiam) (holding that district courts "may determine that a section 2254 petition is time-barred even though the state did not raise the issue").  To arrive at this recommendation, the magistrate judge took judicial notice of online records from Toth's state court case.  The district court adopted the magistrate's report and recommendation in full and, relying on the same judicially noticed documents, dismissed Toth's petition as time-barred.  The court also ruled, in the alternative, Toth's petition was due to be denied on the merits.  The district court issued no certificate of appealability ("COA").  See 28 U.S.C. § 2253(c)(1) ("Unless a circuit justice or judge issues a [COA], an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court.").

Toth obtained a COA from this Court on two issues: whether the district court erred in ruling sua sponte without reviewing the complete, official state court record that Toth's § 2254 petition (1) was time-barred and (2) failed on the merits.

2

Our precedent compels the conclusion that Toth abandoned any argument challenging the district court's ruling that his § 2254 was petition time-barred without reviewing the official and complete state court record.  Though we read pro se briefs liberally, we must deem arguments not raised in an initial brief or raised for the first time in a reply brief abandoned.  Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) (citing Horsley v. Feldt, 304 F.3d 1125, 1131 n.1 (11th Cir. 2002) and Lovett v. Ray, 327 F.3d 1181, 1183 (11th Cir. 2003) (per curiam)).

Upon careful review of Toth's initial brief on appeal, we can find only "passing references" to this argument, which are insufficient to preserve this claim for our review.  Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014).  The first time he "plainly and prominently" raises this argument is in his reply brief.  Id. at 681 (quotation marks omitted).  But this does not preserve the issue for appellate review, even though Toth is proceeding pro se.  See Timson, 518 F.3d at 874.  Thus, we must affirm the district court's judgment.  See Sapuppo, 739 F.3d at 680 ("When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed.").

**AFFIRMED.**

3

MARTIN, Circuit Judge, concurring:

Our precedent requires us to affirm the District Court's dismissal of Mr. Toth's habeas petition without fully considering the merits of his appeal. But that result was not inevitable. Had Mr. Toth been represented by counsel, I suspect he would have properly presented the two issues on which we allowed him an appeal. This would have given him the benefit of full adversarial testing in a matter of the utmost importance to him as well as our legal system. See Lonchar v. Thomas, 517 U.S. 314, 324, 116 S. Ct. 1293, 1299 (1996) ("Dismissal of a first federal habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty.").

It wasn't for lack of trying on Mr. Toth's part. He told us he "lacks the proper adequate resources to fully, fairly, and thoroughly address the complex issues related to this case." He asked this Court to appoint him "the competent assistance of legal counsel" to assist him in his appeal. I view Mr. Toth's request as eminently reasonable, given the "immense complexities of federal habeas corpus law." Duncan v. Walker, 533 U.S. 167, 184 n.2, 121 S. Ct. 2120, 2130 n.2 (2001) (Souter, J., concurring).

While that request was pending in this Court, Mr. Toth filed his initial appellate brief himself. Perhaps owing to the "immense complexities of federal

4

habeas corpus law," id., he failed to argue the only issues this Court permitted him to appeal. Over a month after he filed his brief, this Court denied Mr. Toth's motion for appointment of counsel. The order denying his request reasoned that "[t]he interests of justice do not require that counsel be appointed in this case," as "[Mr.] Toth's filings in both the district court and this Court show that he is able to adequately present his legal arguments and cite to legal authority," and as the issues on appeal were "not so novel or complex as to require" assistance of a trained lawyer.

I regret that I did not seek to have counsel appointed for Mr. Toth at the time I granted his Certificate of Appealability ("COA"). The questions initially presented in his appeal were novel—there was no Circuit precedent answering them. See Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993) (indicating that appointment of counsel is warranted in a civil case involving complex or novel legal issues). Mr. Toth's legal filings demonstrated that he was not able to adequately present his legal arguments. His Motion for a COA did not even identify the legal issue on which I granted him a COA. Beyond that, Mr. Toth had already filed his initial brief at the time of this Court's order opining that he could represent himself, and he had clearly been unable to present the *only* arguments relevant to this appeal. As the order denying Mr. Toth's request for counsel recognized, "[t]he key [question in determining whether counsel should be

5

appointed] is whether the <u>pro</u> <u>se</u> litigant needs help in presenting the essential merits of his or her position to the court." <u>Id.</u>  Clearly, Mr. Toth did need that help. Nonetheless, we must evaluate his <u>pro se</u> pleadings, and they present no way forward for his § 2254 petition.