[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12245
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cv-00047-JRH-BKE


AMOS SANDERS,

                                                             Petitioner-Appellant,

versus

COMMISSIONER, GEORGIA DEPARTMENT OF CORRECTIONS,

                                                             Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(September 1, 2020)

Before JILL PRYOR, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Amos Sanders appeals the district court's sua sponte dismissal of his habeas corpus petition as untimely.  We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On August 23, 2002, Sanders pleaded guilty in Georgia state court to four counts of armed robbery and two counts of possession of a firearm during the commission of a crime.  That day the court sentenced him to sixty-five years' imprisonment.  Sanders did not file a direct appeal.  Sanders did, however, file a motion on October 17, 2003 to modify his sentence, which was denied on October 29, 2003.  He did not take further action until March 7, 2016, when he filed a motion for an out-of-time appeal, to correct his plea agreement, and to modify his sentence.  He later filed another motion to correct his sentence and a state habeas petition.  The motions and his petition were all denied.

Sanders filed this federal habeas petition in February 2019.  With it, he attached a list of dates of his proceedings in Georgia's courts and some of his state court records.  Based on the submitted dates, the magistrate judge issued a report recommending that the district court sua sponte dismiss Sanders's petition as untimely.  See 28 U.S.C. § 2244(d)(1)(A).  The magistrate judge found that Sanders's conviction became final under Georgia law in November 2003.  Because Sanders took no other action until 2016, the one-year limitations period elapsed long before he filed his federal habeas petition.  The magistrate judge ordered the report

2

served on all parties, and neither Sanders nor the Secretary filed any objections. A little less than a month later, the district court adopted the report and recommendation and dismissed the petition.

We granted a certificate of appealability on the issue of whether the district court erred in sua sponte dismissing Sanders's petition as untimely.

## STANDARD OF REVIEW

We review for abuse of discretion the district court's decision to raise sua sponte the statute of limitations. Paez v. Sec'y, Fla. Dep't of Corr., 947 F.3d 649, 651 (11th Cir. 2020).

## DISCUSSION

A state prisoner has one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." Id. § 2244(d)(2). Georgia law requires a criminal defendant to file an appeal within thirty days of the judgment. See O.C.G.A. § 5-6-38(a); see also Day v. Hall, 528 F.3d 1315, 1317 (11th Cir. 2008).

"[E]ven though the statute of limitations is an affirmative defense, the district court may review sua sponte the timeliness of the section 2254 petition." Jackson v.

3

Sec'y for Dep't of Corr., 292 F.3d 1347, 1349 (11th Cir. 2002).  Sua sponte dismissal

is appropriate without requiring a response from the State if "the petition's

untimeliness is clear from the face of the petition itself" and the district court

"accord[s] the parties fair notice and an opportunity to present their positions."  Paez,

947 F.3d at 654 (internal quotation marks omitted).

Here, the face of the petition shows that Sanders was sentenced on August 23,

2002.  The exact date when his judgment became final is disputed, but because

Sanders did not file a direct appeal, it would have been final no later than October 4,

2002.[1]  The face of the petition also reflects that Sanders took no action until

October 17, 2003 when he filed a motion to modify his sentence.  By that point, the

one-year limitations period had run, making the federal habeas petition Sanders filed

in February 2019 untimely.  For the same reason, Sanders's further motions and state

habeas petition did not have any tolling effect because "once [the] deadline has

---

[1] The documents Sanders submitted with his petition show that he was sentenced on August 23, 2002.  Based on that date, his judgment would be final for habeas purposes on September 22.  See O.C.G.A. § 5-6-38(a).  The Secretary points to a Georgia court's finding (that Sanders submitted with his petition) that the disposition in his case did not occur until September 4, 2002, which would push his final judgment to October 4, 2002.  We need not decide the correct date, though, because either one would be over a year before Sanders filed his October 17, 2003 motion, so the limitations period would have already run.

The magistrate judge determined that the judgment would have become final in November 2003 based on the October 2003 motion.  Even if the judgment did not become final until November 2003, the documents Sanders filed with his petition establish that after the state court denied his October 17, 2003 motion on October 29, 2003, he filed nothing else until March 2016.  By 2016, even assuming the limitations period was tolled for a few weeks by the 2003 motion, much more than a year had elapsed.  See 28 U.S.C. § 2244(d)(2).

expired, there is nothing left to toll." Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004).

The district court properly gave the parties fair notice and an opportunity to respond. The magistrate judge had his report and recommendation served on both Sanders and the Secretary and notified them of their opportunity to object. No party objected, and the district court waited nearly a month before adopting the report. See Paez, 947 F.3d at 655 ("[The petitioner] was provided ample notice and opportunity to explain why his petition was timely in his form petition and again when he was given the opportunity to respond to the magistrate judge's Report and Recommendation that his petition be summarily dismissed as untimely.").

For the first time in his reply brief, Sanders contends that he did not receive proper notice of the report and recommendation. Even if we consider this argument, see Herring v. Sec'y, Dep't of Corr., 397 F.3d 1338, 1342 (11th Cir. 2005), Sanders does not dispute the accuracy of the dates and attachments he submitted with his habeas petition, and he acknowledges that the district court had the proper information before it. Any objections to the report and recommendation would not have changed the result. See Rutledge v. Wainwright, 625 F.2d 1200, 1205–06 (5th Cir. 1980). The district court did not abuse its discretion in sua sponte dismissing Sanders's petition as untimely based on the dates and documents submitted by Sanders. See Paez, 947 F.3d at 653 ("[T]he District Court did not err by sua sponte

5

dismissing [the petitioner's] § 2254 petition after giving him notice of its decision and an opportunity to be heard in opposition.").

**AFFIRMED.**