[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 13, 2007
THOMAS K. KAHN
CLERK

No. 06-11986

D. C. Docket No. 00-00316-CV-J-E

WILLIAM ERNEST KUENZEL ,

Petitioner-Appellant,

versus

RICHARD F. ALLEN, Commissioner of
Alabama Department of Corrections,
ATTORNEY GENERAL OF ALABAMA,

Respondents-Appellees,

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(June 13, 2007)**

Before EDMONDSON, Chief Judge, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

William Ernest Kuenzel ("Kuenzel") appeals the district court's denial of his petition for habeas relief under 28 U.S.C. § 2254. The only question before us is whether Kuenzel has satisfied the exceptions to the procedural bar announced in Siebert v. Allen, 455 F.3d 1269 (11th Cir. 2006) ("Siebert II"). We decline to address this issue when the district court has not; and, therefore, we vacate the district court's order and remand for further proceedings.

This appeal is Kuenzel's second. The district court originally dismissed Kuenzel's petition as time-barred; the district court concluded that his untimely state petition for post-conviction relief under Alabama Rule of Criminal Procedure 32 was improperly filed and, therefore, did not toll the one-year limitations period in section 2254(d). We vacated this initial decision and remanded for further proceedings consistent with Siebert v. Campbell, 334 F.3d 1018, 1032 (11th Cir. 2003) ("Siebert I"), in which we determined that the untimeliness of a Rule 32 petition did not, by itself, render the Rule 32 petition improperly filed under section 2254(d)(2). Kuenzel v. Campbell, No. 03-10617 (11th Cir. October 15, 2003). On remand, the district court determined that the intervening authority of Pace v. DiGuigliemo, 125 S. Ct. 1807 (2005), effectively overruled our decision in Siebert I and the earlier mandate in this case. The district court again concluded that Kuenzel's federal petition was time-barred.

In April 2006, in accordance with 28 U.S.C. § 2253(c), the district court issued a Certificate of Appealability ("COA") specifying the only issue on appeal as whether Pace overruled Siebert I.  After briefing and oral argument in this case were concluded, another panel of this Court answered this question in the negative.  See Siebert v. Allen, 480 F.3d 1089, 1090 (11th Cir. 2007) ("Siebert III").  The district court therefore erred in dismissing Kuenzel's petition as untimely under AEDPA.

But the resolution of the question specified in the COA does not completely end our inquiry here.  In July 2006, we concluded in Siebert II that, where the state court dismissed a Rule 32 petition as untimely, a federal section 2254 petition attacking the state conviction was procedurally barred.  Siebert II, 455 F.3d at 1271.  In both his reply brief and at oral argument, Kuenzel acknowledged that his section 2254 petition is procedurally defaulted under Siebert II.  He argues, however, that he has satisfied the exceptions to the procedural bar rule: he mainly contends he has made a sufficient showing of "actual innocence" to excuse his procedural default.[1]  Both Kuenzel and the State contend that the record is

---

[1]Kuenzel also contends that he can satisfy the "cause-prejudice" exception to the procedural bar and that those federal claims that the state court adjudicated on the merits are not procedurally barred.  That the district court has never considered or ruled on these arguments provides additional support for our decision to remand for further proceedings.

sufficiently developed for us to resolve in their favor the question of whether Kuenzel has satisfied the actual innocence exception to Siebert II's procedural default rule.

For several reasons, we decline to resolve the question of actual innocence for the first time on appeal. Our review in habeas cases is generally limited to the issues specified in the COA, see Murray v. United States, 145 F.3d 1249, 1251 (11th Cir. 1998), and the COA issued by the district court here does not refer to Kuenzel's claim of actual innocence.[2] In addition, the district court never discussed or squarely ruled on Kuenzel's claim of actual innocence.[3] Although the district court record contains both the state court record and Kuenzel's "new evidence" of factual innocence, we continue to believe that "factual

---

[2]Although Kuenzel also asserted his claim of actual innocence in the district court as a justification for equitable tolling of AEDPA's limitations period, the district court did not include Kuenzel's claim of equitable tolling in the COA. The sole issue in the COA was whether Pace abrogated Siebert I.

[3]Since the beginning of his federal action, Kuenzel has argued that he is actually innocent. But despite having expressly addressed, in its series of rulings, Kuenzel's other arguments for equitable tolling, the district court has never addressed Kuenzel's actual innocence claim. The phrase, "actual innocence," does not appear in any of the district court's relevant orders. While we do not hint that Kuenzel's claim of actual innocence has real merit – or that he is even entitled to an evidentiary hearing on this claim – our view is that Kuenzel's persistent reliance on this argument warrants the district court's express acknowledgment, especially because the district court examined or mentioned Kuenzel's other equitable tolling arguments. We cannot dispose of this case without dealing, in some way, with Kuenzel's claim of innocence; and we are uncomfortable with ruling on this argument when the district court has made no findings or conclusions and has not even mentioned the argument.

4

determinations [about a habeas petitioner's actual innocence claim] are best made in the first instance by the district court." Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1219 (11th Cir. 2000) (declining to address petitioner's claims of actual innocence without benefit of district court's analysis). Although actual innocence in the present context is not a pure factual determination, we still owe the district court some deference. See House v. Bell, 126 S. Ct. 2064, 2078 (2006).

Furthermore, Kuenzel continues to maintain that – at a minimum – he is entitled to discovery and an evidentiary hearing on his actual innocence claim before it is denied. He has pointed out some new evidence; but he says he thinks more can be found. Discovery and evidentiary determinations, including the determination to hold a hearing or not, are left to the district court's sound discretion. See Arthur v. Allen, 452 F.3d 1234, 1243 (11th Cir. 2006), reh'g granted, 459 F.3d 1310 (11th Cir. 2006). And the district court seemingly has not exercised its discretion. We decline to appropriate to ourselves the district court's discretionary authority in this matter. Given the confluence of these factors, we vacate the district court's order dismissing Kuenzel's habeas petition and remand for further proceedings, including the resolution of Kuenzel's assertion that he is entitled to relief from the procedural bar announced in Siebert II.

**VACATED AND REMANDED**.