[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12613
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cv-21599-CMA

OCTAVIO ARNULFO HERNANDEZ,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 24, 2019)

Before TJOFLAT, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Octavio Arnulfo Hernandez, proceeding *pro se*, appeals from the district court's dismissal of his petition under 28 U.S.C. § 2254 for a writ of habeas corpus. We granted a certificate of appealability ("COA") to Hernandez on one issue: whether the district court erred in dismissing his petition as time-barred by relying on the state courts' electronic dockets in determining the untimeliness of the petition.

In an appeal brought by an unsuccessful habeas petitioner, the scope of our review is generally limited to the issues specified in the COA. *Kuenzel v. Allen*, 488 F.3d 1341, 1343 (11th Cir. 2007) (*per curiam*); *see also Williams v. McNeil*, 557 F.3d 1287, 1290 n.3 & n.4 (11th Cir. 2009). Although, in exceptional circumstances, we may *sua sponte* expand a COA, "an appellant granted a COA on one issue cannot simply brief other issues as he desires in an attempt to force both the Court and his opponent to address them." *Dell v. United States*, 710 F.3d 1267, 1272 (11th Cir. 2013).

Petitions dismissed as time-barred are considered as dismissals with prejudice. *See Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007). The time limits for filing a § 2254 petition are not jurisdictional. *Holland v. Fla.*, 560 U.S. 631, 645 (2010). We "may *sua sponte* raise the issue of clerical errors in the judgment and remand with instructions that the district court correct the errors." *United States v. Massey*, 443 F.3d 814, 822 (11th Cir. 2006).

Because Hernandez is an unsuccessful habeas petitioner, the scope of our review is generally limited to the issues specified in the COA. *Kuenzel*, 488 F.3d at 1343; *Williams*, 557 F.3d at 1290 n.3 & n.4. However, Hernandez has not addressed the issue of whether the district court erred by taking judicial notice of electronic state court dockets to determine the timeliness of his § 2254 petition, the sole issue for which he was granted a COA, and so he has abandoned any argument as to that issue. *Jones*, 436 F.3d at 1303. Instead, the arguments in his brief are outside the scope of the COA. Although we may, in certain exceptional circumstances, expand a COA *sua sponte*, no such circumstances are present here that would justify our doing so. *Dell*, 710 F.3d at 1272. Accordingly, we affirm the district court's dismissal of Hernandez's § 2254 petition as time-barred.

However, while the district court dismissed Hernandez's § 2254 petition after determining that it was untimely, its dismissal states that it was "for lack of jurisdiction." Given the district court's analysis of the time bar issue and the fact that the statute of limitations is not a jurisdictional issue, *see Holland*, 560 U.S. at 645, this appears to have been a clerical error. As a result, we *sua sponte* vacate in part the district court's decision and remand for the district court to deny the petition with prejudice as time-barred. *Massey*, 443 F.3d at 822.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART**

3