[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14018
Non-Argument Calendar
_____

D.C. Docket No. 1:19-cv-00847-AT

DAVID TIMOTHY MOORE,

Petitioner-Appellant,

versus

WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 26, 2020)

Before WILLIAM PRYOR, JILL PRYOR, and NEWSOM, Circuit Judges.

PER CURIAM:

David Moore, a Georgia prisoner serving a life sentence, filed the instant habeas corpus action under 28 U.S.C. § 2254 to challenge the Georgia Board of Pardons and Paroles' denial of his parole application. Before the district court, Moore principally relied on *Graham v. Florida*, 560 U.S. 48 (2010), to argue that the Board's decision violated the Eighth Amendment's prohibition on cruel and unusual punishments. Accepting the magistrate judge's report and recommendation, the district court held that *Graham* did not apply because whereas the Court there limited its decision to life-without-parole sentences, Moore received a life-*with*-the-possibility-of-parole sentence and, indeed, had been considered for parole. The district court further held that Moore's parole eligibility—pursuant to which he had been considered and would be considered again—satisfied the *Graham* Court's observation that states must give juvenile defendants sentenced to life for non-homicide crimes "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." 560 U.S. at 75. The district court thus concluded that the magistrate judge had correctly rejected Moore's *Graham*-based claim, adopted the magistrate judge's report and recommendation as the court's order, and denied Moore's § 2254 petition.

The district court then went on, however, to grant a certificate of appealability using the following language: "Having so ruled . . . this Court finds

reasonable jurists could debate whether [Moore's] argument, that he has been required to serve thirty-two years while defendants convicted of murder committed as adults who have received life sentences have been released on parole after shorter periods of incarceration, entitles him to relief under the Constitution."

We review the district court's denial of a habeas petition de novo. *Wilson v. Warden, Ga. Diagnostic Prison*, 898 F.3d 1314, 1320 (11th Cir. 2018). Our scope of review is clear—although pro se pleadings and briefs such as Moore's are liberally construed, *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008), our review is restricted to issues specified in the certificate of appealability, *Kuenzel v. Allen*, 488 F.3d 1341, 1343 (11th Cir. 2007); *see also Hodges v. Att'y Gen., Fla.*, 506 F.3d 1337, 1340–42 (11th Cir. 2007).

We find the district court's COA difficult to discern. It seems designed to tee up for appellate review an issue that is somewhat different from the *Graham*-based argument that served as the primary focus of Moore's petition. As we read it, the COA's language—pertaining to Moore's contention "that he has been required to serve thirty-two years while defendants convicted of murder committed as adults who have received life sentences have been released on parole after shorter periods of incarceration"—authorizes Moore to mount a challenge the proportionality of his sentence of the sort typically associated with decisions like *Solem v. Helm*, 463 U.S. 277 (1983).

3

Moore faces two (related) problems on appeal.  The first is that his briefs do not present the sort of freestanding proportionality-based challenge that the district court's COA seems to authorize.  Instead, Moore's appeal focuses on a broad-based challenge to the "manner, procedure and/or system The Board has used and continues to use," arguing, as he did below, that the Board's policies and procedures do not afford juveniles serving life sentences for non-homicide crimes a "meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation," as *Graham* requires.  Br. of Petitioner at 18–19, 20.  In particular, Moore argues, as he did below, that the fact that the Board uses the same procedure to evaluate those sentenced as juveniles and those sentenced as adults violates *Graham*.

To be sure, Moore's brief asserts at several points that he has served an "excessive and disproportionate" sentence, but in context it is clear that those assertions are in service of his *Graham*-based challenge to the Board's policies and procedures.  His argument, that is, is not that his sentence is disproportionate and thus unconstitutional, but rather that the Board's policies are invalid under *Graham* and have caused him to serve a disproportionate sentence.  Even liberally construing Moore's pro se brief, we do not think it raises a freestanding proportionality argument of the sort the COA appears to authorize.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).

4

Which leads us to the second problem that Moore faces.  In pressing his *Graham*-based argument, he seems to have strayed beyond the issue specified in the COA.  Because he—and we—may not do so, that is a sufficient reason for refusing him relief.  *See Murray v. United States*, 145 F.3d 1249, 1250–51 (11th Cir. 1998).

Having said that, out of an abundance of caution—which we exercise both because Moore is pro se and because the district court's COA is opaque—we conclude that the unique circumstances of this case warrant sua sponte expansion of the COA to include Moore's Graham-related argument.  *See Mays v. United States*, 817 F.3d 728, 733 (11th Cir. 2016); *Thomas v. Crosby*, 371 F.3d 782, 796 (11th Cir. 2004) ("[O]ur cases establish the power of our court to add issues to a COA sua sponte.").

Despite reaching the merits of Moore's *Graham*-based argument, however, we reject them for the same reasons that the magistrate judge and district court rejected them.  In *Graham*, the Supreme Court held that "the Eighth Amendment prohibits a State from imposing a life without parole sentence on a juvenile nonhomicide offender."  560 U.S. at 75.  The Court expressly limited its holding to life-without-parole sentences.  *Id.* at 63, 74–75; *see also Loggins v. Thomas*, 654 F.3d 1204, 1223 (11th Cir. 2011).  Moore, as we have noted, was sentenced to life *with* the possibility of parole.  While the Eighth Amendment prohibits states from

5

determining *at the outset* that a juvenile offender will never be fit to reenter society, "it does not require the State to release that offender during his natural life," so long as the state gives juvenile defendants "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." *Graham*, 560 U.S. at 75.

For the reasons ably explained by the magistrate judge and the district court, Moore has received the "meaningful opportunity" contemplated by *Graham*. The parole board indicated that it considered Moore's rehabilitative efforts in denying him parole in 2018, will again consider Moore for parole in February 2021, and has routinely exercised its discretion to release prisoners on parole.

The district court properly denied Moore's petition for habeas corpus.

**AFFIRMED.**