[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11955
Non-Argument Calendar

_____

D.C. Docket Nos. 1:17-cv-20440-JEM; 1:13-cr-20295-JEM-6

YENCY NUNEZ,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 26, 2021)

Before WILSON, ROSENBAUM and MARCUS, Circuit Judges.

PER CURIAM:

Yency Nuñez, a counseled prisoner serving a 135-month sentence for a violation of the Maritime Drug Law Enforcement Act ("MDLEA"), appeals the district court's denial of his 28 U.S.C. § 2255 motion, in which he argued that the

record of his underlying criminal conviction did not establish jurisdiction under the MDLEA and his trial and appellate counsel were ineffective for failing to raise the issue.  On appeal, Nuñez argues that the district court erred by conducting an evidentiary hearing in his § 2255 proceedings to determine whether subject matter jurisdiction existed in his criminal case.  After careful review, we affirm.

In a § 2255 proceeding, we review legal conclusions de novo and findings of fact for clear error.  Spencer v. United States, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc).  The federal habeas statute provides that upon the filing of a § 2255 motion, a district court "shall . . . grant a prompt hearing . . . [u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  We review the decision to hold a hearing for abuse of discretion.  Aron v. United States, 291 F.3d 708, 714 n.5 (11th Cir. 2002).

The scope of appellate review in § 2255 cases is limited to the issues specified in the certificate of appealability ("COA").  Kuenzel v. Allen, 488 F.3d 1341, 1343 (11th Cir. 2007).  While we may sua sponte expand a COA under "exceptional circumstances," an appellant granted a COA on one issue cannot simply brief other issues to compel this Court to address them.  Dell v. United States, 710 F.3d 1267, 1272 (11th Cir. 2013).  A party abandons an issue on appeal by failing to prominently raise it in his initial brief, by only raising it in a perfunctory manner without supporting arguments and authority, or by making only "passing references to it that

2

are background to other arguments or [are] buried within other arguments, or both." United States v. Corbett, 921 F.3d 1032, 1043 (11th Cir. 2019) (quotation omitted). This applies to issues included in the COA that are not briefed or argued on appeal. See Jones v. Campbell, 436 F.3d 1285, 1303 (11th Cir. 2006).

The nature of a § 2255 motion is that of a civil matter. Burgess v. United States, 874 F.3d 1292, 1296 (11th Cir. 2017). Consequently, § 2255 motions are governed by the Federal Rules of Civil Procedure and, to the extent the practice of § 2255 proceedings is not specified in a federal statute, the Rules Governing § 2255 Proceedings for the U.S. District Courts ("§ 2255 Rules"). Id. The § 2255 Rules allow a district court to direct the parties to expand the record by filing additional relevant materials, including letters predating the filing of the motion, documents, and exhibits. § 2255 Rule 7(a), (b). The court then reviews the motion, answer, and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted. § 2255 Rule 8(a). A court may refer a motion to a magistrate judge to conduct hearings and file proposed findings of facts and recommendations for disposition, which the court may accept, reject, or modify. § 2255 Rule 8(b).

"Habeas corpus has long been available to attack convictions and sentences entered by a court without jurisdiction." United States v. Addonizio, 442 U.S. 178, 185 (1979); see 28 U.S.C. § 2255(a) (providing relief from a federal sentence if "the court was without jurisdiction" to impose it). While a habeas proceeding generally

cannot "do service for an appeal," a challenge to a court's jurisdiction is an exception. Sunal v. Large, 332 U.S. 174, 178 (1947); Bowen v. Johnston, 306 U.S. 19, 26 (1939) ("[T]he remedy of habeas corpus may be needed to release the prisoner from a punishment imposed by a court manifestly without jurisdiction to pass judgment."). In a habeas appeal, "[a] jurisdictional defect is one that strip[s] the court of its power to act and ma[kes] its judgment void" and, thus, "a judgment tainted by a jurisdictional defect must be reversed." McCoy v. United States, 266 F.3d 1245, 1249 (11th Cir. 2001) (quotation omitted); Harris v. United States, 149 F.3d 1304, 1309 (11th Cir. 1998) (reversing and remanding for resentencing where the district court lacked jurisdiction to impose an enhanced sentence), abrogated on other grounds by United States v. DiFalco, 837 F.3d 1207, 1216 (11th Cir. 2016) ("[O]ur decisions [holding] that [21 U.S.C.] § 851 imposes a jurisdictional limit on a district court's authority [to enhance a sentence] have been undermined to the point of abrogation by subsequent decisions of the Supreme Court.").

In Harris, a prisoner filed a § 2255 motion attacking his sentence on the ground that the district court had lacked jurisdiction to impose an enhanced sentence. 149 F.3d at 1305-06. At the time, our precedent held that a court lacked jurisdiction to enhance a sentence based on a prior conviction unless the government strictly complied with the procedural requirements of 21 U.S.C. § 851(a), and the facts of Harris's case showed that the district court had lacked jurisdiction to impose his

4

enhanced sentence. Id. at 1306-07. While Harris had failed to object to the enhancement on jurisdictional grounds before pleading guilty and had not filed a direct appeal, we held that jurisdictional claims could not be procedurally defaulted, and reversed and remanded his case for resentencing. Id. at 1303, 1308-09.

The MDLEA prohibits any person from knowingly or intentionally possessing with intent to manufacture or distribute a controlled substance on board a vessel subject to the jurisdiction of the United States, or conspiring to do the same. 46 U.S.C. §§ 70503(a)(1), 70506(b). A "vessel subject to the jurisdiction of the United States" includes "a vessel in the territorial waters of a foreign nation if the nation consents to the enforcement of United States law by the United States." Id. § 70502(c)(1). Notably, under the MDLEA, "[j]urisdiction of the United States with respect to a vessel" is "not an element of an offense"; rather, "[j]urisdictional issues arising under [the MDLEA] are preliminary questions of law to be determined solely by the trial judge." Id. § 70504(a). We've interpreted the "on board a vessel subject to the jurisdiction of the United States" phrase of the MDLEA as a congressionally imposed limit on courts' subject matter jurisdiction. United States v. De La Garza, 516 F.3d 1266, 1271 (11th Cir. 2008). The government bears the burden of proving that the statutory requirements of MDLEA subject matter jurisdiction are met. United States v. Tinoco, 304 F.3d 1088, 1114 (11th Cir. 2002).

In Tinoco, we ruled that the MDLEA "unambiguously mandates that the jurisdictional requirement be treated only as a question of subject matter jurisdiction for the court to decide." Id. at 1106 (11th Cir. 2002) (applying the predecessor to § 70504(a), which had very similar language). As we explained, jurisdiction was not "a traditional element, or otherwise an essential ingredient, of a criminal offense," so Congress's removal of this issue from the jury's consideration did not offend a defendant's due process or jury trial rights. Id. at 1107-12. In reaching our holding -- that it was constitutional for Congress to define the MDLEA's jurisdictional requirement as a non-element of the crime -- we cited Apprendi v. New Jersey, which held that other than a prior conviction, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," 530 U.S. 466, 490 (2000). See Tinoco, 304 F.3d at 1098. Thus, "the unique proscription upon legislative power in defining crimes that was set forth in Apprendi . . . is not applicable here." Id. at 1107.

Since Tinoco, we've repeatedly confirmed that the MDLEA's jurisdictional requirement is not an element of an MDLEA offense that must be decided by a jury. See United States v. Iguaran, 821 F.3d 1335, 1336 (11th Cir. 2016) (describing the MDLEA's jurisdictional requirement that a defendant be on board a vessel "subject to the jurisdiction of the United States . . . as a congressionally imposed limit on courts' subject matter jurisdiction, akin to the amount-in-controversy requirement

6

contained in 28 U.S.C. § 1332") (quotation omitted); United States v. Cruickshank, 837 F.3d 1182, 1192 (11th Cir. 2016) ("[T]he [MDLEA's] jurisdictional requirement is not an element of the offense, need not be determined by a jury, and does not violate the Due Process Clause or the Sixth Amendment."); United States v. Estupinan, 453 F.3d 1336, 1339 (11th Cir. 2006) (holding that the MDLEA does not violate due process and the right to a jury trial by removing the jurisdictional inquiry from the jury); United States v. Rendon, 354 F.3d 1320, 1328 (11th Cir. 2003) (rejecting the defendant's argument that "subject matter jurisdiction is an element of the charged crimes . . . to be decided by a jury" as foreclosed by Tinoco).

In Iguaran, we allowed a defendant to challenge the district court's subject matter jurisdiction under the MDLEA -- on the ground that the subject vessel was not subject to the jurisdiction of the United States -- for the first time on appeal, because subject matter jurisdiction is a question of law that we review de novo and can be raised at any time. 821 F.3d at 1336. Finding that the government needed to "preliminarily show that the conspiracy's vessel was, when apprehended, subject to the jurisdiction of the United States," and that the record in the case did not establish a basis for subject matter jurisdiction, we vacated and remanded. Id. at 1336-38 (explaining that "[w]hen a party's failure to challenge the district court's jurisdiction is at least partially responsible for the lack of a developed record, . . . the proper course of action . . . is to remand the case to the district court for factual findings")

(quotation omitted).  We advised that after both parties had the opportunity on remand to present evidence about whether the vessel was subject to the jurisdiction of the United States, the district court was to decide whether the government carried its burden as to jurisdiction, and if so, to reinstate the defendant's conviction.  Id.

In United States v. Hernandez, a defendant argued on direct appeal that under the MDLEA, the government had to have jurisdiction over the subject vessel before the commission of the underlying offense.  864 F.3d 1292, 1297, 1303 (11th Cir. 2017).  We held that the post-offense certification, which established the United States' jurisdiction, eliminated his timing argument because, to obtain jurisdiction over a MDLEA prosecution, the government need only show that the MDLEA's statutory requirements were met.  Id. at 1303-04.

And in United States v. Phillips, we held that when a district court finds that an out-of-time appeal in a criminal case was warranted as the remedy in a § 2255 proceeding, it should: (1) vacate the original judgment of conviction; (2) reimpose the same sentence; and (3) advise the defendant of his right to appeal and the time for filing a notice of appeal from the reimposed sentence.  225 F.3d 1198, 1201 (11th Cir. 2000).  We later noted that the remedy outlined in Phillips "put the defendant back in the position he would have been in had his lawyer filed a timely notice of appeal," i.e., the position had the error not occurred.  McIver v. United States, 307 F.3d 1327, 1331 (11th Cir. 2002) (quotation omitted, alteration accepted).

8

Under our prior panel precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc." United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008). The intervening decisions must "actually abrogate or directly conflict with, as opposed to merely weaken, the holding of the prior panel." United States v. Kaley, 579 F.3d 1246, 1255 (11th Cir. 2009). There is no exception to the rule based upon an "overlooked reason" or "perceived defect in the prior panel's reasoning or analysis as it relates to the law in existence at that time." Smith v. GTE Corp., 236 F.3d 1292, 1303 (11th Cir. 2001).

Here, Nuñez argues that the district court should not have held an evidentiary hearing during his § 2255 proceedings to allow the government to present evidence to establish jurisdiction in his underlying criminal case. We disagree. For starters, a district court "shall . . . grant a prompt hearing" when a petitioner files a § 2255 motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), and we cannot say that the record of Nuñez's criminal case conclusively showed that he was not entitled to relief. Moreover, the procedure followed by the district court is in line with our previous decisions. In Iguaran, we allowed the government to present new evidence to establish the court's MDLEA jurisdiction after judgment was entered, and in Hernandez, we held that the time at which the government proved jurisdiction did

9

not matter, so long as it showed that the MDLEA's statutory requirements were met. Indeed, our Court in <u>Iguaran</u> expressly permitted the government to belatedly present evidence of the court's jurisdiction, even while noting that the MDLEA provided that jurisdiction was a threshold matter that the government had to "preliminarily show." 821 F.3d at 1336.

To the extent Nuñez claims that <u>Iguaran</u> and <u>Tinoco</u> were wrongly decided and conflict with <u>Apprendi</u>, his argument is foreclosed by our prior precedent rule -- especially since both cases cited to <u>Apprendi</u> and we've repeatedly affirmed <u>Tinoco</u>. Similarly, Nuñez's arguments challenging the prior precedent rule itself are also foreclosed, because neither this Court sitting en banc nor the Supreme Court has overruled or undermined it to the point of abrogation.[1]

Accordingly, because our prior precedent allows the government to present evidence establishing MDLEA jurisdiction after a final judgment, the district court did not err in allowing the government to do so in these § 2255 proceedings.

**AFFIRMED**.

---

[1] Finally, we decline to consider any of Nuñez's arguments that are outside the scope of the district court's COA, including his double jeopardy argument. <u>See</u> <u>Kuenzel</u>, 488 F.3d at 1343. Nuñez also has abandoned the argument that his trial and appellate counsel were ineffective for failing to raise the issue of the court's jurisdiction. <u>See</u> <u>Corbett</u>, 921 F.3d at 1043.

10